THE CITY TRUST COMPANY v. GEORGE W. TILTON, *County Clerk*, AND E. P. BAYLESS.

**No. 387.**

TAX-SALE CERTIFICATE—*issued to owner by mistake, is not a payment of the taxes.* Where one purchases land after a lien for taxes has attached, but without assuming or agreeing to pay it, and afterwards there is a tax-sale certificate issued to him by mistake, and he immediately assigns the certificate to the real purchaser at the tax sale, it will not operate as a payment of the tax lien by the owner.

Error from Labette District Court. Hon. J. D. McCue, Judge. Opinion filed July 31, 1897. *Affirmed.*

This was an action asking a permanent injunction to restrain the County Clerk of Labette County from issuing a tax deed on certain lots in the city of Oswego in that county. Rivers had sold the lots to Bayless. Taxes on them were due, but Bayless took the property subject to the tax lien without assuming and agreeing to pay it. The Deming Investment Company purchased the property at tax sale, but the certificate of purchase was, by mistake, issued to Bayless. Bayless assigned the certificate to the company. The trial court found for the defendant, dissolved the temporary injunction issued in the case, and rendered judgment against plaintiff in error for costs.

*Wheeler & Switzer*, for plaintiff in error.
*Nelson Case*, for defendants in error.

SCHOONOVER, J. We think the evidence in this case fully sustains the judgment of the court. There was no collusion between the Deming Investment Company and Bayless. The Deming Investment Company purchased the lots in good faith, and it clearly

appears that the certificate was issued to the owner of the land instead of the purchaser at the tax sale, by mistake.

It is well settled that the owner of land under legal obligation to pay the taxes thereon, can obtain no independent title by purchase at a tax sale. Such purchase amounts to a redemption of the land from the taxes. This rule, however, cannot be applied to the facts in this case. The owner did not purchase the land at the tax sale. The lots were sold to the Deming Investment Company, and the certificate issued to the owner, Bayless, by mistake. Bayless purchased the land subject to, but without assuming, the payment of the tax lien.

From these facts we conclude that, Bayless having purchased the land after the taxes for 1887 became a lien upon it, but without assuming their payment, a tax-sale certificate issued to him by mistake and by him assigned to the real purchaser at the tax sale, will not operate as a payment by him of the tax lien.

The judgment of the District Court will be affirmed.